Ex parte NORMAN ORME.

No. A.-9168.   Aug. 7, 1936.
(60 Pac. [2d] 213.)

A. J. Morris, for petitioner.

Amos Stovall, Co. Atty., and Haskell Pugh, Asst. Co. Atty., for respondent.

DOYLE, J. In this proceeding the petitioner, Norman Orme, by his attorney has presented to this court a verified petition wherein he alleges that he is unlawfully imprisoned and restrained of his liberty in the county jail of Caddo county, at Anadarko, by the sheriff of said county; that the cause of his said restraint is that he has been committed to the said county jail by Oris L. Barney, judge of the county court of Caddo county, acting as an examining magistrate upon a preliminary examination, held by him at Anadarko upon a complaint jointly charging petitioner, Norman Orme, and Ed Spencer with the murder of Wayne Butterfield, alleged to have been committed in said county on March 23, 1936. Both said defendants were held to answer said charge to the district court of Caddo county.

Petitioner avers that he is not guilty of the crime of murder as charged, and that upon the evidence introduced at said preliminary examination and the further hearing before the committing magistrate on July 8, 1936, together with the affidavits of certain other persons presented herewith, it is shown that the proof of guilt of the crime of murder is not evident nor the presumption thereof great, and that therefore petitioner is entitled to be let to bail pending the trial of said charge.

It is also shown that said defendants applied to Will C. Linn, judge of the district court of Caddo county, for writs of habeas corpus to be admitted to bail, and upon a hearing had bail was denied to petitioner, Norman Orme; and his codefendant, Ed Spencer, was admitted to bail, fixed in the sum of $5,000.

344

The evidence for the state taken upon the preliminary examination shows that on March 22, 1934, Sunday afternoon, between 3 and 4 o'clock, the petitioner, Norman Orme, did kill and murder Wayne Butterfield at a filling station on the corner of Main and Fifth streets, Anadarko, by shooting him with a pistol; that he stopped his car at Butterfield's filling station, got out of the car with a gun in his hand and asked where is Wayne Butterfield, saying that he was going to kill him, and when Wayne Butterfield came out of the station office he shot him; that the deceased was unarmed.

The petitioner in his affidavit admits the shooting, but claimed that it was done in his necessary self-defense.

It is well settled that a mere conflict of the testimony, even upon a material issue, does not of itself entitle a prisoner held for murder to be admitted to bail. The evidence must be considered as a whole, and when so considered, unless a well-founded doubt of the prisoner's guilt of murder is generated, bail will be denied.

We have examined the record, and, without entering into a discussion of the facts, we deem it sufficient to say that upon a careful consideration of all the evidence presented in support of the application we are of opinion that the petitioner is not entitled to be admitted to bail as a matter of legal right. It is therefore considered and adjudged that the writ be denied and bail refused.

EDWARDS, P. J., and DAVENPORT, J., concur.